UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| THE NEIL JONES FOOD COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELER'S CASUALTY INSURANCE COMPANY OF AMERICA, and WAUSAU UNDERWRITERS INSURANCE COMPANY,<br><br>Defendants. | CASE NO. 3:15-cv-5459-RJB<br><br>ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DEFENDANT TRAVELER'S CASUALTY INSURANCE CO. OF AMERICA'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND DEFENDANT WAUSAU UNDERWRITERS INSURANCE COMPANY'S CROSS-MOTION FOR SUMMARY JUDGMENT |

This matter comes before the Court on plaintiff The Neil Jones Food Company's Motion for Partial Summary Judgment (Dkt. 16), defendant Wausau Underwriters Insurance Company's Cross-Motion for Summary Judgment (Dkt. 18), and defendant Traveler's Casualty Insurance Company of American's Cross-Motion for Summary Judgment (Dkt. 19). The Court has

ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DEFENDANT TRAVELER'S CASUALTY INSURANCE CO. OF AMERICA'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND DEFENDANT WAUSAU UNDERWRITERS INSURANCE COMPANY'S CROSS-MOTION FOR SUMMARY JUDGMENT- 1

considered the motions, the responsive briefings, and the remainder of the file herein. Dkts. 21, 22, 23, 24. The Court deems oral argument unnecessary. *See* LCR 7(b)(4).

## BACKGROUND

a. *Underlying state court case*

In 2012, a former Neil Jones employee, Richard Currie, sued Neil Jones in state court. Dkt. 17, at 3-12. *See Richard Shawn Currie v. The Neil Jones Food Company*, Clark Co. Superior Ct. Case No. 12-2-006770. Mr. Currie allegedly developed health problems due to "ongoing and caustic chemicals and fumes" at his employment, which spanned from 1979 until May 29, 2010. According to the first claim of Mr. Currie's complaint, designated as an "Intentional Tort," Neil Jones:

> "had knowledge that its ongoing and cumulative actions in the operation, repair, work practices, maintenance, service, handling, storage and cleaning of the mechanical systems and related equipment . . . would cause ongoing and cumulative injury to Plaintiff . . . disregarded the knowledge, [and] caused injury to Plaintiff [when] Defendant [Neil Jones] <u>intended</u> to produce such injury." *Id.*, at 6 (emphasis added).

Mr. Currie also alleged two claims against Neil Jones under the Washington Law Against Discrimination, for retaliation and for failure to make a reasonable accommodation of Mr. Currie's handicap. *Id.*, at 6-8. Mr. Currie did not allege negligence against Neil Jones.

b. *Insurance policies*

After Mr. Currie filed suit, Neil Jones tendered a claim for assistance under Wausau's Workers Compensation and Employers Liability Insurance Policy ("Wausau Policy"), which was effective from May 1, 2009 to May 1, 2010. *See* Dkt. 17, at 25-34. The request for coverage was denied on July 12, 2012, Dkt. 17, at 56-65, with the denial reaffirmed on November 14, 2012. Dkt. 17, at 66-72. Neil Jones also tendered a claim for assistance under Traveler's Workers

ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DEFENDANT TRAVELER'S CASUALTY INSURANCE CO. OF AMERICA'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND DEFENDANT WAUSAU UNDERWRITERS INSURANCE COMPANY'S CROSS-MOTION FOR SUMMARY JUDGMENT- 2

Compensation and Employers Liability Insurance Policy ("Traveler's Policy"), which was effective from May 1, 2010 to May 1, 2011. Dkt. 17, at 35-53. By letter dated July 12, 2012, Traveler's denied coverage and declined Neil Jones' tender. Dkt. 17 at 56-62.

The Traveler's Policy and the Wausau Policy are both divided into two parts: Part One, Workers Compensation Insurance, which is inapplicable in Washington, and Part Two, Employers Liability Insurance, which is applicable in Washington. Dkt. 17, at 16, 18, 26, 36. The Employers Liability Insurance portion of both policies is identical in content. *See id.*, at 18, 19, 47, 48. Coverage applies "to bodily injury by accident or bodily injury by disease" that "must arise out of and in the course of . . . employment," where the last exposure to conditions causing bodily injury "must occur during the policy period." *Id.*, at 18, 47. Wausau and Traveler's "will pay all sums [that Neil Jones] legally must pay as damages because of bodily injury to [Neil Jones] employees," which includes damages "for consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee; provided that these damages are the direct consequence of bodily injury that arises out of . . . the injured employee's employment[.]" *Id.*

The Wausau Policy and Traveler's Policy both expressly affirm the insurers' duty to defend Neil Jones, Dkt. 17, at 19, 49, but the policies exclude coverage for "bodily injury intentionally caused or aggravated by [Neil Jones]," as well as "damages arising out of coercion, criticism, demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation, discrimination against or termination of any employee[.]" *Id.*, at 18, 48.

    c. *Neil Jones' claims*

Neil Jones alleges that Traveler's and Wausau breached their respective insurance contracts (Claim 1), violated the Insurance Fair Conduct Act (Claim 2), violated the Washington

ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DEFENDANT TRAVELER'S CASUALTY INSURANCE CO. OF AMERICA'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND DEFENDANT WAUSAU UNDERWRITERS INSURANCE COMPANY'S CROSS-MOTION FOR SUMMARY JUDGMENT- 3

1  Consumer Protection Act (Claim 3), and acted in bad faith. Neil Jones seeks summary judgment
2  only as to the breach of contract claim. Dkt. 16, at 4. Wausau requests summary judgment as to
3  all claims, while Traveler's requests summary judgment as to all claims to the extent that the
4  claims center on an allegedly unreasonable denial of coverage. Dkts. 18, at 3; 19, at 11, 12.

## SUMMARY JUDGMENT STANDARD

6       Summary judgment is proper only if the pleadings, the discovery and disclosure materials
7  on file, and any affidavits show that there is no genuine issue as to any material fact and that the
8  movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is
9  entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient
10 showing on an essential element of a claim in the case on which the nonmoving party has the
11 burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of
12 fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for
13 the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586
14 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some
15 metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material
16 fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge
17 or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 .S. 242,
18 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626,
19 630 (9th Cir. 1987).

20      The determination of the existence of a material fact is often a close question. The Court
21 must consider the substantive evidentiary burden that the nonmoving party must meet at trial–
22 e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect.*

23 ORDER ON PLAINTIFF'S MOTION FOR
   PARTIAL SUMMARY JUDGMENT,
   DEFENDANT TRAVELER'S CASUALTY
24 INSURANCE CO. OF AMERICA'S CROSS-
   MOTION FOR SUMMARY JUDGMENT, AND
   DEFENDANT WAUSAU UNDERWRITERS
   INSURANCE COMPANY'S CROSS-MOTION
   FOR SUMMARY JUDGMENT- 4

*Service Inc.*, 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

## DISCUSSION

**A. Denial of coverage**

As discussed with relation to each claim, *see below* Part B, each of Neil Jones' four claims centers on the allegation that Traveler's and Wausau unreasonably denied coverage, reneging on their duty to defend Mr. Currie's lawsuit. If Traveler's and Wausau did not unreasonably deny Neil Jones coverage, summary judgment as to all claims should be granted in favor of Traveler's and Wausau and against Neil Jones.

    1. <u>The Traveler's Policy and Wausau Policy are not ambiguous and clearly exclude coverage of Mr. Currie's lawsuit.</u>

Under Washington law, an insurer's duty to provide coverage in defense of its insured "arises when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage." *Unigard Ins. Co. v. Leven,* 97 Wn.App. 417, 425 (1999). Only if the alleged claim is clearly not covered by the policy is the insurer relieved of its duty to defend. *Kirk v. Mt. Airy Ins. Co.,* 134 Wn.2d 558, 561 (1998) (citing *State Farm Gen. Ins. Co. v. Emerson,* 102 Wn.2d 477 (1984)). If the complaint is

ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DEFENDANT TRAVELER'S CASUALTY INSURANCE CO. OF AMERICA'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND DEFENDANT WAUSAU UNDERWRITERS INSURANCE COMPANY'S CROSS-MOTION FOR SUMMARY JUDGMENT- 5

1    ambiguous, it will be liberally construed in favor of triggering the insurer's duty to defend. *R.A.*

2    *Hanson Co. v. Aetna Ins. Co.,* 26 Wn.App. 290, 295 (1980); *Truck Ins. Exch. v. Vanport Homes,*

3    *Inc.*, 147 Wn.2d 751, 760 (2002).

4        Construing Mr. Currie's lawsuit liberally, the Court cannot find that the complaint could

5    trigger liability under either the Traveler's Policy or the Wausau Policy. Mr. Currie's first claim is

6    an intentional tort, but both the Traveler's Policy and the Wausau Policy exclude coverage for

7    "bodily intentionally caused or aggravated by [Neil Jones]." Dkt. 17, at 18, 48. *See id.*, at 6. Mr.

8    Currie's second and third claims allege discrimination under the WLAD, but the Traveler's Policy

9    and the Wausau Policy exclude coverage for "damages arising out of coercion, criticism,

10   demotion, evaluation, reassignment, discipline, defamation, harassment, humiliation,

11   discrimination against or termination of any employee[.]" *Id.*, at 18, 48. *See id.*, at 6, 7. There is

12   not ambiguity in either policy that would cast doubt as to whether Mr. Currie's complaint could

13   fall within their terms. And while "exclusion[] [clauses] should be strictly construed against the

14   drafter, a strict application should not trump the plain, clear language of an exclusion such that a

15   strained or forced construction results." *Quadrant Corp. v. Am. States Ins. Co.*, 154 Wn.2d 165,

16   172 (2005). Therefore, because Mr. Currie's complaint is clearly excluded by both policies,

17   Traveler's and Wausau did not unreasonably deny coverage and had no duty to defend Neil Jones.

18       2.  <u>The Traveler's Policy and Wausau Policy are not illusory.</u>

19       Insurance policies are governed by basic contract principles, so where there is no

20   consideration in exchange for an insurance premium, insurance coverage is illusory. An insured

21   must receive some benefit for its bargain, notwithstanding the application any policy exclusions.

22   *See, e.g., Quadrant Corp.*, 154 Wn.2d at 184 (not an illusory insurance contract where policy

23   ORDER ON PLAINTIFF'S MOTION FOR
     PARTIAL SUMMARY JUDGMENT,
     DEFENDANT TRAVELER'S CASUALTY
24   INSURANCE CO. OF AMERICA'S CROSS-
     MOTION FOR SUMMARY JUDGMENT, AND
     DEFENDANT WAUSAU UNDERWRITERS
     INSURANCE COMPANY'S CROSS-MOTION
     FOR SUMMARY JUDGMENT- 6

exclusion does not preclude coverage for incidents that could occur). Consideration exists for any legal detriment, no matter how seemingly small. *Storti v. Univ. of Wash.*, 181 Wn.2d 28, 38 (2014).

According to Neil Jones, because Washington's Industrial Insurance Act precludes all civil lawsuits against employers except intentional torts, *see* RCW 51.24.020, and because the Traveler's Policy and Wausau Policy both exclude coverage of intentional torts, neither insurer could ever owe Neil Jones coverage, and the policies are thus illusory.

Based on a review of the Traveler's Policy, Wausau Policy, and the Act, the Court cannot conclude that the policies are illusory, because they provide coverage to Neil Jones in at least two circumstances, either of which would be legally sufficient on its own. *See Labriola v. Pollard Group, Inc.*, 152 Wn.2d 828, 834 ("Courts generally do not inquire into the adequacy of consideration but instead utilize a legal sufficiency test . . . [which] is concerned not with the comparative value but with that which will support a promise."). First, the policies cover employees excluded by the Act. Both the Traveler's Policy and the Wausau Policy cover employees generally, unlike the Act, which excludes specific types of employees, such as corporate officers. *C.f.* RCW 51.12.020 and Dkt. 17, at 18, 48 (policies apply generally to bodily injury "aris[ing] out of and in the course of the injured employee's employment by [Neil Jones]"). Because the Traveler's Policy and Wausau Policy provide coverage for corporate officers, as well as any other employees excluded under the Act, the coverage provided is not illusory.

Second, the Traveler's Policy and Wausau Policy provide coverage for "consequential bodily injury to a spouse, child, parent, brother or sister of the injured employee," which, under Washington law, is broader than the Act's coverage for "workers, injured in their work, and their

ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DEFENDANT TRAVELER'S CASUALTY INSURANCE CO. OF AMERICA'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND DEFENDANT WAUSAU UNDERWRITERS INSURANCE COMPANY'S CROSS-MOTION FOR SUMMARY JUDGMENT- 7

families and dependents." Dkt. 17, at 18, 48; RCW 51.04.010. *Meyer v. Burger King Corp.*, 144 Wn.2d 160 (2001), is instructive. In *Meyer*, the Washington State Supreme Court addressed whether the Act, which excludes civil claims by employee's family members against employers, *see* RCW 51.04.010, precluded an employee's child from a civil negligence claim for workplace-related injuries sustained while in utero. While acknowledging the broad scope of the Act, the Court nevertheless held that "[t]he specific language of the [Act] does not bar family members and dependants who are independently injured by the employer's negligence from bringing a claim." *Id.*, at 166. Under the tragic facts presented by *Meyer*, if Neil Jones had been the employer, the prenatal injury to the child would not fall under the Act, but would fall within the Traveler's Policy and Wausau Policy. *C.f.* RCW 51.04.010; Dkt. 17, at 18, 48.

Although the Traveler's Policy and Wausau Policy may provide coverage only under narrow circumstances, they do provide definite, meaningful coverage. Therefore, they are not illusory policies.

3. <u>The Traveler's Policy and Wausau Policy are not unenforceable.</u>

According to Neil Jones, because the Traveler's Policy and Wausau Policy are illusory, they are unenforceable unless the exclusionary portions are stricken, and if stricken, the policies provide coverage to defend against Mr. Currie's complaint. However, as discussed above, the policies are not illusory. Therefore, the exclusion clauses should not be stricken, and the policies are enforceable.

**B. Claims**

Because Traveler's and Wausau did not unreasonably deny coverage to Neil Jones in its defense against Mr. Currie's lawsuit, summary judgment as to all claims should be granted in

ORDER ON PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT,
DEFENDANT TRAVELER'S CASUALTY
INSURANCE CO. OF AMERICA'S CROSS-
MOTION FOR SUMMARY JUDGMENT, AND
DEFENDANT WAUSAU UNDERWRITERS
INSURANCE COMPANY'S CROSS-MOTION
FOR SUMMARY JUDGMENT- 8

favor of Traveler's and Wausau and against Neil Jones. Claim 1, the breach of contract claim, and Claim 4, the bad faith claim, rely upon the defendants' denials of coverage as the basis for the alleged harm. *See* Dkt. 1-2, at ¶¶XIII, XVIII, XXV. In Claim 2, each of the specific IFCA violations alleged under the WAC directly relate to the defendants' coverage determinations, and the WAC violations are not independent causes of action. *Id.*, at XVII, XIX. *See also*, *Seaway Properties, LLC v. Fireman's Fund Ins. Co.*, 16 F.Supp. 3d 1240, 1255 (W.D.Wash. 2014). Based on the resolution of Claim 2, Claim 3 is also disposed of, because it advances only two theories for CPA violations: the denials of coverage and IFCA violations. *Id.*, at ¶¶XXII. With no issue of fact remaining as to any claim, Neil Jones' claims should be dismissed against Traveler's and Wausau and the case should be dismissed.

Because the coverage determinations by Traveler's and Wausau should be affirmed, the Court need not address the issue of the timing of Mr. Currie's last injurious workplace exposure and which policy would have been triggered.

* * *

THEREFORE, it is HEREBY ORDERED that:

(1) The Neil Jones Food Company's Motion for Partial Summary Judgment (16) is DENIED.

(2) Wausau Underwriters Insurance Company's Cross-Motion for Summary Judgment (Dkt. 18) is GRANTED. All claims against Wausau are DISMISSED.

(3) Traveler's Casualty Insurance Company of American's Cross-Motion for Summary Judgment (Dkt. 19) is GRANTED. All claims against Traveler's are DISMISSED.

ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DEFENDANT TRAVELER'S CASUALTY INSURANCE CO. OF AMERICA'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND DEFENDANT WAUSAU UNDERWRITERS INSURANCE COMPANY'S CROSS-MOTION FOR SUMMARY JUDGMENT- 9

1  All claims against both defendants having been dismissed, this case is dismissed in its
2  entirety and is hereby closed. The Clerk is directed to send uncertified copies of this Order to all
3  counsel of record and to any party appearing *pro se* at said party's last known address.

4  Dated this 13th day of January, 2015.

_____
ROBERT J. BRYAN
United States District Judge

ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT, DEFENDANT TRAVELER'S CASUALTY INSURANCE CO. OF AMERICA'S CROSS-MOTION FOR SUMMARY JUDGMENT, AND DEFENDANT WAUSAU UNDERWRITERS INSURANCE COMPANY'S CROSS-MOTION FOR SUMMARY JUDGMENT- 10